IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> TEQUILA KC BAR, LLC, <br><br> and <br><br> ALFREDO CALDERON <br> 340 S. 9th Street <br> Kansas City, Kansas 66101 <br><br> Defendants. | Case No. 2:21-cv-2265-DDC-JPO |

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff United States Liability Insurance Company (hereinafter "USLI"), by and through its undersigned counsel, and for its Second Amended Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201 against Defendants Tequila KC Bar, LLC (hereinafter "Tequila KC Bar") and Alfredo Calderon ("Calderon"), hereby states and alleges as follows:

**Parties, Jurisdiction, and Venue**

1. USLI is an insurance company organized and existing under the laws of the state of Pennsylvania, with its principal place of business in the state of Pennsylvania and, for purposes of diversity jurisdiction, USLI is a citizen of Pennsylvania.

2. USLI is authorized to conduct insurance business in the state of Kansas by the Kansas Insurance Department.

3. Upon information and belief, Defendant Tequila KC Bar is a limited liability company organized and existing under the laws of the state of Kansas, with its principal place of business in Kansas City, Wyandotte County, Kansas, and may be served with process by and through its registered agent, Lori Gomez, 811 Kouns Lane, Edwardsville, Kansas.

4. According to the records maintained by the Kansas Secretary of State, the members of Tequila KC Bar, LLC are Lori Gomez and Erik Gomez, who reside in Edwardsville, Kansas.

5. For purposes of diversity jurisdiction, Tequila KC Bar is a citizen of Kansas.

6. Defendant Tequila KC Bar is subject to personal jurisdiction in this District and is subject to the Court's specific and general jurisdiction, pursuant to due process, on the grounds it either resides in the state of Kansas, regularly conducts or solicits business in the state of Kansas, engages in other persistent courses of conduct, and/or derives substantial revenue from the sale of goods and services to persons or entities in the state of Kansas.

7. Upon information and belief, Defendant Calderon is an individual over the age of 18, and is and at all relevant times has been, a resident of Wyandotte County, Kansas, residing at 340 S. 9th Street, Kansas City, Kansas, 66101.

8. For purposes of diversity jurisdiction, Calderon is a citizen of Kansas.

9. Defendant Calderon is subject to personal jurisdiction in this District and is subject to the Court's specific and general jurisdiction, pursuant to due process, on the grounds he either resides in the state of Kansas, regularly conducts or solicits business in the state of Kansas, engages in other persistent courses of conduct, and/or derive substantial revenue from the sale of goods and services to persons or entities in the state of Kansas.

10. The United States District Court for the District of Kansas maintains jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in

controversy exceeds $75,000 exclusive of interests and costs, and the action is between citizens of different states.

11. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of events giving rise to this dispute occurred in said judicial district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(3).

12. Venue is proper in the Kansas City Division of the United States District Court for the District of Kansas.

## COUNT I – DECLARATORY JUDGMENT

13. USLI incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 12 of this Complaint for Declaratory Judgment.

14. USLI issued to Tequila KC Bar an insurance policy identified as Policy Number CP 1676888A, effective May 10, 2019 to May 10, 2020 (hereinafter the "Policy"). (A true copy of the Policy is attached hereto as Exhibit "A").

15. The Policy contains a Commercial General Liability Coverage Form (Form CG 00 01 12 07) which includes the following particularly pertinent terms and conditions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

…

16. The Policy contains the following Endorsement (Form L 461 (12-11)):

**ASSAULT OR BATTERY EXCLUSION**

This insurance does not apply to:

Any claim, demand or "suit" based upon any actual or alleged "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim, demand or "suit" in which the underlying operative facts constitute "assault" or "battery".

This exclusion applies to all "bodily injury", "property damage" or "personal and advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to:

a. hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible; or
b. investigation or reporting any "assault" or "battery" to the proper authorities; or
c. the failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors; or
d. any acts or omissions of any insured, its "employees", agents, officers, directors, patrons or other persons resulting from any "assault" or battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury", "property damage", or "personal and advertising injury" to any person.

This exclusion supersedes any provision in the attached policy that provides coverage for "bodily injury" arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the use of reasonable force to protect
person(s) or property.

"Assault" means the threat of, or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature.

"Battery" means negligent or intentional physical contact with another without consent that results in physical or emotional injury.

17.     The Policy contains the following Endorsement (Form L 428 (01-12)):

**ABSOLUTE FIREARMS EXCLUSION**

The policy does not insure against loss or expense, including cost of defense, for any "occurrence", claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or medical payments arising or resulting from directly, or indirectly, the use of firearms of any kind.

This exclusion applies to any "occurrence", claim or "suit" regardless of whether the use of firearms is a direct cause, a contributing cause or a concurrent cause of any loss.

18. Tequila KC Bar operates a bar/nightclub on the premises at 1013 Central Avenue, Kansas City, Kansas (hereinafter the "Bar").

19. In or about the early morning hours of October 6, 2019, two gunmen entered the Bar and began shooting at customers of Tequila KC Bar.

20. The gunmen shot and killed four (4) customers of Tequila KC Bar and wounded several other customers of Tequila KC Bar.

21. Customers of Tequila KC Bar who were wounded in the shooting have made claims against Tequila KC Bar for damages for injuries sustained in the shooting, and family members of customers of Tequila KC Bar who were killed in the shooting have made wrongful death claims against Tequila KC Bar.

22. Tequila KC Bar has tendered the wrongful death and personal injury claims to USLI for defense and liability coverage under the Policy.

23. On March 27, 2020, USLI declined coverage for the claims against Tequila KC Bar.

24. On June 18, 2021, USLI withdrew its declination of coverage and agreed, subject to a full reservation of USLI's rights, to provide Tequila KC Bar with a defense against claims or suits asserted by customers of Tequila KC Bar who were wounded or killed in the October 6, 2019 shooting.

25. On or about October 1, 2021, Defendant Calderon filed his Petition in the Circuit Court of Wyandotte County, Kansas against Defendants Lori Gomez, Erik Gomez Jiminez, and Tequila KC Bar, LLC (the "Underlying Lawsuit"). (A true copy of Calderon's Petition is attached hereto as Exhibit "B").

26. Defendant Calderon alleges that on October 5, 2019 and October 6, 2019, he was on the premises at the Bar, as a guest and business invitee of Tequila KC Bar.

27. Calderon alleges that at that time, Hugo Villanueva-Morales and Javier Alatorre ("Assailants") were at the Bar.

28. Calderon alleges that at or around 1:27 a.m. on October 6, 2019, one or both of the Assailants were refused alcoholic beverages due to a prior history of violence and aggression at the Bar.

29. Calderon alleges that at or around 1:27 a.m. on October 6, 2019, Assailants were escorted out of the Bar due to the fact that Assailants had conducted themselves in a manner so as to indicate violence and danger to others, including, upon information and belief, making express threats of violence.

30. Calderon alleges that shortly after the Assailants were escorted out of the Bar, the Assailants returned with weapons and ammunition, and at that time, the Assailants fired their weapons into the Bar, shooting and killing four people, and shooting and injuring five other people, including Calderon.

31. Calderon alleges that as a direct and proximate result of the acts and omissions of Tequila KC Bar, he suffered injury in the form of a gunshot wound to his chest, which caused him to incur medical bills, future medical, hospital, and life care expenses, lost wages,

diminished earning capacity, past and future emotional distress, pain and suffering, and past and future loss of enjoyment of life.

33. ULSLI has agreed, subject to a full reservation of USLI's rights, to provide Tequila KC Bar, LLC with a defense to the Underlying Lawsuit filed by Calderon.

33. The Policy provides that USLI will pay those sums that Tequila KC Bar becomes legally obligated to pay as damages because of bodily injury to which the insurance provided by the Policy applies; and, USLI will have the right and duty to defend Tequila KC Bar against any suit seeking those damages.

34. The Policy provides that USLI will have no duty to defend Tequila KC Bar against any suit seeking damages for bodily injury to which the insurance provided by the Policy does not apply.

35. The Policy excludes coverage for Assault or Battery.

36. The Policy excludes coverage for loss or expense, including cost of defense, for any claim for bodily injury arising or resulting from directly, or indirectly, the use of firearms of any kind.

37. There is no coverage under the Policy for claims against Tequila KC Bar by customers of Tequila KC Bar who were wounded in the shooting at Tequila KC Bar, including the claims of Calderon alleged in the Underlying Lawsuit.

38. There is no coverage under the Policy for claims against Tequila KC Bar by family members of customers of Tequila KC Bar who were killed in the shooting at Tequila KC Bar.

**WHEREFORE**, Plaintiff USLI respectfully prays that the Court: (i) enter judgment in favor of USLI and against Defendant on Count I of this Complaint for Declaratory Judgment; (ii)

declare that USLI does not owe and has never owed Defendant Tequila KC Bar a duty to defend it against the claims arising out of the October 6, 2019 shooting at Tequila KC Bar; (iii) declare that USLI does not owe Defendant Tequila KC Bar a duty to indemnify it for the claims arising out of the October 6, 2019 shooting at Tequila KC Bar, or for any judgment that may be entered on such claims; and (iv) grant to USLI such other and further relief as the Court deems just and proper under the circumstances.

    Respectfully submitted,

    **FOLAND, WICKENS, ROPER, HOFER AND CRAWFORD, P.C.**

    */s/ William F. Logan*
    SCOTT D. HOFER #15787
    WILLIAM F. LOGAN #16349
    1200 Main Street, Suite 2200
    Kansas City, Missouri 64105
    Telephone: (816) 472-7474
    Facsimile: (816) 472-6262
    Email: shofer@fwpclaw.com
    Email: llogan@fwpclaw.com
    *ATTORNEYS FOR PLAINTIFF*
    *UNITED STATES LIABILITY INSURANCE COMPANY*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 25th day of October, 2021, I electronically filed the foregoing with the Clerk of the District Court by using the CM/ECF/PACER system.

    */s/ William F. Logan*
    *ATTORNEYS FOR PLAINTIFF*
    *UNITED STATES LIABILITY INSURANCE COMPANY*